CALIFORNIA STATE BOARD OF
OPTOMETRY, Petitioner,

v.

FEDERAL TRADE
COMMISSION, Respondent,

National Association of Optometrists
and Opticians, Intervenor.

Nos. 89–1190, 89–1191, 89–1202, 89–1293,
89–1301, 89–1307, 89–1308, 89–1314,
89–1316 and 89–1317.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 8, 1991.

Thomas S. Lazar (for California State
Bd. of Optometry), with whom Sara Ritt-
man (for Missouri State Bd. of Optometry),

Steve Clark and Mary B. Stallcup (for Ar-
kansas State Bd. of Optometry), Allen R.
Grossman (for State of Fla. and Florida
State Bd. of Optometry), Kenneth O. Eiken-
berry and John H. Keith (for Washington
State Bd. of Optometry), Debra W. Jeppson
(for State of Nev. and Nevada State Bd. of
Optometry), Fred W. Stork, III (for Ari-
zona State Bd. of Optometry), and Roger L.
Chaffe and Howard M. Casway (for inter-
venor Virginia Bd. of Optometry), were on
the joint brief, for petitioner/intervenor
States and/or State Boards of Optometry.

Edward A. Groobert, with whom Ellis
Lyons, Bennett Boskey, D. Biard MacGui-
neas, and Morris Klein (for American Opto-
metric Ass'n), and William A. Gould, Jr.,
Alan G. Perkins, and Mark L. Andrews (for
California Optometric Ass'n), were on the
joint brief, for petitioners in Nos. 89–1191
and 89–1202.

Lawrence DeMille–Wagman, Atty., Fed-
eral Trade Com'n ("FTC"), with whom Jay
C. Shaffer, Acting Gen. Counsel, and Er-
nest J. Isenstadt, Asst. Gen. Counsel, FTC,
were on the brief, for respondent.

Andrew J. Pincus, with whom Kenneth S.
Geller was on the brief, for intervenor Nat.
Ass'n of Optometrists and Opticians in
Nos. 89–1190, 89–1191, and 89–1202.

Steven S. Honigman, Donald S. Dawson,
and M. Joseph Stoutenburgh, were on the
joint brief, for amici curiae American Ass'n
of Retired Persons and the Opticians Ass'n
of America.

Paul Farley, Asst. Atty. Gen. of New
Mexico, H. Al Cole, Jr., Sr. Deputy Atty.
Gen. of North Carolina, and Craig M. Ei-
chstadt, Asst. Atty. Gen. of South Dakota,
were on the joint brief, for amici curiae
States of N.M., Ala., Colo., Miss., N.C.,
S.D., Tex., Utah and Wyo.

Fred Niemann, Jr., was on the brief, for
amicus curiae Texas Optometric Ass'n, Inc.

Peter M. Sfikas and Werner Strupp,
were on the joint brief, for amici curiae
American Dental Ass'n and American Po-
diatric Medical Ass'n.

Mary C. Jacobson, Deputy Atty. Gen.,
Andrea M. Silkowitz, Asst. Atty. Gen., and

Regina H. Nugent, Deputy Atty. Gen., were on the brief, for amici curiae New Jersey State Bd. of Optometry and the New Jersey State Bd. of Ophthalmic Dispensers and Ophthalmic Technicians and State of Or.

Thomas J. Gillooly, Senior Deputy Atty. Gen., was on the brief, for amicus curiae State of W.Va.

Kathlyn Rhodes entered an appearance, for petitioners State of Okl. and the Oklahoma Bd. of Examiners in Optometry in No. 89–1316.

Randall W. Childress entered an appearance, for amicus curiae State of N.M.

## ON PETITIONS FOR REHEARING

Before WALD, Chief Judge, and BUCKLEY and D.H. GINSBURG, Circuit Judges.

## ORDER

PER CURIAM.

On consideration of the petitions for rehearing filed by respondent Federal Trade Commission and intervenor National Association of Optometrists and Opticians, and the supplemental briefs filed with respect thereto, it is

ORDERED by the court that the petitions for rehearing are denied for the reasons set forth in the attached memorandum.

## MEMORANDUM

The Federal Trade Commission and the National Association of Optometrists and Opticians have petitioned for rehearing. They claim, in part, that despite our holding that the challenged rule, "Eyeglasses II," violates the state action doctrine enunciated in *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), 910 F.2d 976, the Commission may nonetheless disallow those regulations issued by state and local governmental entities that lie outside the scope of the *Parker* exemption, citing *Southern Motor Carriers Rate Conference, Inc. v. United States,* 471 U.S. 48, 57–65, 105 S.Ct. 1721, 1726–27, 85 L.Ed.2d

36 (1985); *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.,* 445 U.S. 97, 105–06, 100 S.Ct. 937, 943–44, 63 L.Ed.2d 233 (1980); and *City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 394–97, 98 S.Ct. 1123, 1127–29, 55 L.Ed.2d 364 (1978). These parties contend that the rule should therefore be remanded for clarification.

We agree that the cited cases, which were brought under the Sherman Act, apply with equal force to challenges to FTC rules. We nevertheless deny the petitions for rehearing because the rule is fundamentally flawed. Eyeglasses II is explicitly directed at state action: "The Federal Trade Commission issues a final rule that removes restraints imposed by state law on certain specified forms of commercial ophthalmic practice." 54 Fed.Reg. 10285. Its primary focus is on "state-imposed and state-enforced restrictions," *id.* at 10288, and its lengthy rulemaking was conducted entirely without regard to the possibility that any of the regulations and policies it would condemn as unfair might be shielded by *Parker.*

Because Eyeglasses II represents, in essential part, an unlawful exercise of rulemaking authority, and because its rulemaking failed to take the limitations on that authority into account, we do not believe a remand is warranted. Our order, of course, does not bar the FTC from initiating a new rulemaking or proceeding by adjudication to challenge, within the limits of its proper authority, any practice that it believes to be unfair.